UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12-CR-87-TLS |
| | ) | (1:16-CV-202) |
| CRAIG WHIGUM | ) | |

**OPINION AND ORDER**

The Defendant, Craig Whigum, is serving a sentence for Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a)(1), and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The Defendant now seeks to vacate his conviction and sentence under § 924(c) [Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By Person in Federal Custody, ECF No. 184]. His Motion is predicated on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Defendant maintains that his § 924(c) conviction cannot stand after *Johnson* because his underlying offense is not a crime of violence.

The Defendant filed his Motion on June 9, 2016—within the one-year period set forth in § 2255(f)(3), based on the Supreme Court's June 26, 2015 decision in *Johnson*, which is retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015) (*Johnson* announced a new substantive rule which applies retroactively on collateral review). The Court treats the Motion as timely filed.

**ANALYSIS**

Section 2255 allows a defendant to move to vacate, set aside, or correct a sentence that was imposed in violation of the Constitution of the United States. *See* 28 U.S.C. § 2255(a). Relief under § 2255 is "available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude or a fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013).

To sustain a conviction under 18 U.S.C. § 924(c)(3), the government must prove that the defendant (1) used or carried a firearm and (2) did so during and in relation to a "crime of violence." Under § 924(c)(3), the term "crime of violence" is "an offense that is a felony" that (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(A)–(B). Subsection (A) is known as the elements clause, and subsection (B) is referred to as the residual clause.

The substantive crime of violence (or drug trafficking crime) for which the person may be prosecuted is identified in the § 924(c) charge. *See Davila v. United States*, 843 F.3d 729, 731 (7th Cir. 2016) (noting that a § 924(c) offense is a stand-alone crime, not a sentencing enhancement, for which no underlying conviction needs to be obtained). Here, the Indictment identifies the predicate crime of violence as Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a).

A defendant violates the Hobbs Act if he:

> obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits

> or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section.

18 U.S.C. § 1951(a). "Robbery," in turn, is defined as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

As already stated, the Defendant's Motion invokes the Supreme Court's decision in *Johnson*, which held that the residual clause of the definition of a "violent felony" in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague. 135 S. Ct. at 2557 (invalidating the phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another"). The Defendant was not sentenced under the ACCA, but he claims that Hobbs Act robbery no longer qualifies as a crime of violence under § 924(c)(3) based on *Johnson's* reasoning.

First, he argues that the holding in *Johnson* necessarily rendered the residual clause of § 924(c)(3)(B) unconstitutionally vague. That argument has merit. *See United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) (holding that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague). However, it is not necessary to rely on the residual clause in this case because Hobbs Act robbery under § 1951(a) is a crime of violence under § 924(c)'s elements clause. In *United States v. Anglin*, — F.3d —, 2017 WL 359666 (7th Cir. Jan. 25, 2017), the Seventh Circuit joined an "unbroken consensus of other circuits" when it ruled that "Hobbs Act robbery is a 'crime of violence' within the meaning of § 923(c)(3)(A)." 2017 WL 359666, at *7. The court noted that the relevant definition of Hobbs Act robbery, the Defendant's predicate

3

offense, is the "taking of personal property 'by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property.'" 2017 WL 359666, at *7 (quoting 18 U.S.C. § 1951(b)). The court found that "[c]ommitting such an act necessarily requires using or threatening force." *Id.*

Because Hobbs Act robbery is crime of violence, the Court finds no basis to vacate the Defendant's firearm conviction under 18 U.S.C. § 924(c).

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By Person in Federal Custody [ECF No. 184]. Because reasonable jurists would not debate that the Motion fails to present a valid claim of the denial of a constitutional right, or that the Motion should have been resolved in a different manner, the Court DECLINES to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(3).

SO ORDERED on February 1, 2017.

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT