**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:12-CR-87-HAB |
| | ) | |
| CRAIG WHIGUM | ) | |

## OPINION AND ORDER

The Defendant has now filed his third Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 221). The Government responded on October 30, 2020. The Defendant did not reply. For the following reasons, the Defendant's Motion will be DENIED.

## DISCUSSION

This Court has previously set forth its analysis for compassionate release under 18 U.S.C. § 3582(c)(1)(a) as well as the procedural history of this case and need not restate it here. (ECF No. 220). In his previous requests, the Defendant asserted general fears of contracting COVID-19 and indicated that his prison conduct and completion of programming while incarcerated warranted a reduction in sentence. This Court denied Defendant's requests noting that the Defendant had not presented "extraordinary and compelling" reasons as set out in the policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. Additionally, the Court determined that the factors in 18 U.S.C. § 3553(a) did not support a reduction in the Defendant's sentence. (*Id.* at 8). Now, the Defendant has filed his third motion and asserts that his family circumstances, namely his mother's rare brain condition and his grandmother's dementia, support a sentence reduction. In particular, the Defendant states that he would "like to be home with them to take after and care for them during the time of this pandemic." (ECF No. 221).

The Government opposes the Defendant's motion noting that the Defendant bears the burden to establish that a "compassionate release" is warranted under the statute. *United States v. Wesley*, 2020 WL 3868901, *1 (D. Kan. July 9, 2020); *see also United States v. Bright*, 2020 WL 473323, at *1 ("extraordinary and compelling" imposes a heavy burden on a defendant seeking relief under Section 3582(c)(1)(A)).[1] Here, it asserts that the Defendant has not met his burden in that he has not provided any supporting documentation to support his claims about the health of his mother and grandmother. Even if he did so, however, the Government argues that these circumstances do not meet the requirements of the compassionate release statute.

The Government is correct. While the Court is sympathetic to the concerns of the Defendant regarding the health of his aging mother and grandmother, "family circumstances that would amount to an extraordinary and compelling reason [for compassionate release] are strictly circumscribed under the [applicable United States Sentencing Commission] policy statement and do not encompass providing care to elderly parents." *United States v. Goldberg*, No. 12-180 (BAH), 2020 WL 1853298, at *4 (D.D.C. April 13, 2020); *see also* U.S.S.G. § 1B1.13 cmt. n.1(C) (limiting family circumstances that may be considered an adequate reason for a sentence reduction to the need to care for the defendant's minor children or a spouse or registered partner, when no other caregiver is available). Thus, "[c]ourts have not considered a parent's or grandmother's health as an 'extraordinary and compelling' reason under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Stewart*, No. 1:16-CR-89-HAB, 2020 WL 5406181, at *3 (N.D. Ind. Sept. 9, 2020); *see also, United States v. Bonel*, No. 4:14-CR-180 (4), 2020 WL 3470319, at *3 (E.D. Tex. June 25, 2020) (defendant's contention that she "is needed at home to help her grandmother," while

---

[1] The Government also rightfully notes that the Defendant has not filed a recent request for compassionate release with the Warden where he is incarcerated. While the Defendant did file such a request for his original two motions, that was in May 2020. There was no renewed attempt by the Defendant to provide his "new circumstances" to the Warden.

commendable, does not meet the requirements for family circumstances that establish extraordinary and compelling reasons for release from imprisonment); *United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *10 (D. Nev. June 2, 2020) (denying defendant's compassionate release motion to care for his widowed mother's deteriorating health); *Goldberg*, 2020 WL 1853298, at *4 (denying compassionate release motion and stating that "a desire to care for one's elderly parents does not qualify as an 'extraordinary and compelling' reason for release" under 18 U.S.C. § 3582(c)(1)(A)); *United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 15, 2019) (denying compassionate release motion to care for defendant's ill mother because "[m]any, if not all inmates, [have] aging and sick parents").

Given the above cases, the Defendant has clearly not met his burden to establish extraordinary and compelling grounds for compassionate release. Moreover, the Defendant has altogether ignored this Court's previous pronouncement that a sentencing reduction of the level the Defendant seeks is inconsistent with the § 3553(a) factors and "would greatly undermine" the statutory purposes of sentencing. This Court continues to hold this belief. Accordingly, the Defendant's Motion (ECF No. 221) is DENIED.

## **CONCLUSION**

Based on the foregoing, the Defendant's Motion (ECF No. 221) is DENIED.

So ORDERED on November 18, 2020.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
